UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATHAN GLICK, | ) | CASE NO. 5:09 CV 2273 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| FARMER CREDIT SERVICES | ) | AND ORDER |
| OF MID AMERICA FLCA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

On October 2, 2009, *pro se* plaintiff Nathan Glick filed this action under 42 U.S.C. §§ 1983, 1985, and 1986; 28 U.S.C. § 2254; the Patriot Act; 18 U.S.C. §§ 241, 242, 1512, 1968, and 1964; and "Title 12, Title 31, Title 18, Title 33, FDICA 1 Stat. 23, The Constitution of the United States mandates a Constitutional oath of office in Article VI Clause 3, the requirement of civil commissions . . . in Article 11 § 2, Clause 2 of the Constitution. He names as defendants Farm Credit Services of Mid America FLCA, Gregory Locke, and John/Jane Doe. He seeks $20,000,000.00 in damages, an order reversing all other court decisions which were adverse to him, an injunction to prevent the sale of certain properties, and return of the title of those properties to him.

**Background**

Mr. Glick states that on March 12, 2009 and March 13, 2009, Complaints in Mortgage Foreclosure were filed in Stark County and Harrison County, respectively.  He

provides very little information about these proceedings except to say that his "pleadings were deliberately and lawlessly shelved, and hearing and rulings deliberately delayed until Plaintiff's illegal and unconstitutional due process violations." (Compl. at 21.) He then indicates a "Precipe for Default Judgment to Cause Sale of Real Property" was filed "including other documents filed which Defendants had no power to act. Loans have already been paid in full by transfer AIG, etc [. . .]" (Compl. at 3.) These are the only factual allegations in the complaint. The remainder of the pleading is comprised entirely of legal rhetoric. He concludes by explaining:

> The bank made the alleged borrower a depositor by depositing a $149,000 negotiable instrument, for example, which the bank sold or had available to sell for approximately $ 149,000 in legal tender. The bank did not credit the borrower's transaction account showing that the bank owed the borrower $ 149,000. Rather the bank claimed that the alleged borrower owed the bank the $149,000, then placed a lien on the borrower's real property for $149,000 and demanded loan payments or the bank would foreclose. The bank deposited a non-legal tender negotiable instrument and exchanged it for another non-legal cheque, which traded like money, using the deposited negotiable instrument as the money deposited. The bank changed the currency without the borrower's authorization [. . .] No loan ever took place [. . .] The transaction that took place was merely a change of currency (without authorization), a negotiable instrument for a cheque [. . .] An exchange is not a loan.

(Compl. at 24-25.) He asks this court to award him $20,000,000 in damages, vacate the state court judgment against him and enjoin execution of the judgment.

**Analysis**

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the

2

court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criterions.

To the extent that Mr. Glick asks this Court to overturn the decisions of the Stark County and Harrison County courts, he cannot obtain relief. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the

3

state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. *Id.*; *Tropf*, 289 F.3d at 937.

In the present action, the abbreviated factual content suggests only that Mr. Glick disagrees with the results of two state court foreclosure actions. All of the allegations in these causes of action concern specific grievances that the law was incorrectly applied to plaintiff's case, and are clearly predicated on his belief that the state courts were mistaken in rendering decisions against him. Moreover, plaintiff requests as relief that the state judgment be declared unconstitutional and its execution enjoined. Any review of the constitutional claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against him. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. *Feldman*, 460 U.S. at 483-84 n.16; *Catz*, 142 F.3d at 293.

To the extent Mr. Glick is requesting this Court to enjoin on-going collection proceedings, relief cannot be granted. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d

839, 844-48 (6th Cir.1988). If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present in this case. The matters presented in the complaint are clearly the subject of a state foreclosure matter, which are of paramount state interest. *Doscher v. Menifee Circuit Court*, No. 03-5229, 2003 WL 22220534 (6th Cir. Sept. 24, 2003) (finding that *Younger* abstention was required in plaintiff's challenge to a state court foreclosure action). Mr. Glick asks this court to stop the sheriff's sale of the foreclosed property which appears to be pending. The Court is required to abstain from interfering in those proceedings.

Finally, to the extent that Mr. Glick merely seeks to litigate the foreclosure case anew in federal court, he is barred from proceeding. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Township*, 312 F.3d 736, 744 (6th Cir. 2002). The preclusive effect of the previous state court judgments are therefore governed by Ohio law on preclusion. *Id.* Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. *National*

5

*Amusement, Inc. v. Springdale*, 53 Ohio St. 3d 60, 62 (1990). The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The Ohio courts have already determined the matter of the foreclosure of these properties. This court is bound to give full faith and credit to the decisions of those courts.

## Conclusion

Accordingly, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

Dated: November 20, 2009

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.