UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **NATHAN GLICK,** ) | CASE NO. 5:09CV02273 |
| ) | |
| **Plaintiff,** ) | JUDGE SARA LIOI |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| **FARM CREDIT SERVICES** ) | |
| **OF MID-AMERICA, FLCA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the Court on a motion to amend the complaint filed by Plaintiff Nathan Glick. For the reasons that follow, the motion is DENIED.

**I. Background**

*Pro se* plaintiff Nathan Glick filed this action under a slew of federal statutes essentially seeking to challenge the results of two state court foreclosure actions. The Court issued a Memorandum Opinion and Order dismissing the case based upon the Rooker-Feldman doctrine, Younger abstention, and res judicata, (Doc. No. 6), and entered a judgment of dismissal. (Doc. No. 7.) In dismissing the case, the Court certified pursuant to 28 U.S.C. § 1915(a)(3) that an appeal could not be taken in good faith.

The same day of the dismissal entry (and in all likelihood before he received it in the mail), Glick filed a motion to amend the complaint. (Doc. No. 8.) The motion to amend does not attach a proposed amendment or describe what content Glick proposes to add. Indeed, the motion stands bereft of any substantive discussion, instead containing only boilerplate legal

1

jargon and requesting leave to amend "as a matter of justice." Defendants did not respond to the motion to amend.

## II. Law and Analysis

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court should deny leave "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). The court must have knowledge of the substance of the proposed amendment to determine whether "justice so requires," and does not abuse its discretion by denying leave where the plaintiff fails to submit a proposed amended complaint or otherwise disclose what amendments he intended to make. *Roskam Baking Co. v. Lanham Machinery Co.*, 288 F.3d 895, 906 (6th Cir. 2002).

Glick's motion to amend fails to supply either a proposed amended complaint or a description of the proposed amendments, leaving the Court without the requisite knowledge of the substance of the proposed amendment. The motion fails to allege any additional facts or further articulate the basis for the claims asserted in the complaint, and indeed contains no substantive discussion whatsoever. As a result, the Court has no basis for finding that the interests of justice would be served by granting leave. *See id.* And Glick's pro se status does not relieve him of the obligation to provide the Court with the substance of the proposed amendment. *See Williams v. Caruso*, No. 2:08-CV-36, 2008 WL 3539759 (W.D. Mich. Aug. 12, 2008); *Alspaugh v. McConnell*, No. 2:06-cv-111, 2008 WL 1758936 (W.D. Mich. Apr. 14, 2008). Accordingly, Glick's motion for leave to amend is denied.

### III. Conclusion

For the foregoing reasons, the motion to amend the complaint is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 6, 2010

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**